UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-15F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAYMOND BROWN, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Motion for Production of Transcripts [DE-115] filed by Raymond Brown ("Brown").

## I. Background

Brown pleaded guilty to possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On August 5, 2009, Brown was sentenced to life imprisonment plus sixty years, to be served consecutively. Subsequently, Brown filed his direct appeal, and upon review and consideration, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this court on October 18, 2011. Now, Brown has filed the instant *pro se* motion seeking copies of his "guilty plea and sentencing transcript and the grand jury transcript insomuch as they are needed to litigate MOVANT's Supreme Court claim on February 27, 2012." Brown also states that he "moves under 28 U.S.C. § 753(f), § 2250, and Rule 6, Rules Gov. § 2255 Proceedings, requesting that the Court issue order providing MOVANT with certified copies of MOVANT'S Grand Jury Transcripts to effectively present and litigate Movant's claims in Supreme Court."

## II. Discussion

As a preliminary matter, the court notes that Rule 6(e) of the Federal Rules of Criminal Procedure governs secrecy and disclosure with regard to grand jury proceedings. The Supreme Court states that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Thus, the court should not permit the disclosure of grand jury transcripts unless there is "a strong showing of particularized need." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). "[A]cross the board fishing expeditions" do not constitute a "particularized need." *See United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978).

Here, upon review of the motion, the court is convinced that Brown has not manifested "a strong showing of particularized need" for the grand jury transcripts that will override the need for continued secrecy of such proceedings. It appears that Brown's only justification for the grand jury transcripts is to "litigate MOVANT'S Supreme Court claim on February 27, 2012." The court is unaware of any suit pending in the Supreme Court for Brown. To the extent that Brown is claiming that the grand jury transcripts are needed to prepare for any potential claims to the United States Supreme Court, he has not offered any sufficient explanation for this court to determine whether the production and release of these transcripts are indeed appropriate. Therefore, based on the need for continued secrecy of grand jury proceedings and Brown's lack of a "particularized need," his request for grand jury transcripts is DENIED.

It also appears that Brown is moving for copies of his "guilty plea and sentencing transcript[.]" As Brown has not indicated a willingness nor an ability to pay for the production of these documents, the court will interpret this motion as a request for copies free of charge. Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense. Section 753(f) provides that:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-30 (1976). Copies of transcripts may be provided for actions brought under § 2255, but the filing of such action is a precondition to the criminal defendant's request for free transcripts being entertained by the court. *See United States v. Bumpus*, 125 F.Supp.2d 190, 191 (S.D.W.Va. 2001).

3

For the case at bar, it appears that Brown has not filed a § 2255 action, nor has Brown made a satisfactory showing to the court that he has a "particularized need" for the free copies of the guilty plea and sentencing transcript. Again, Brown justifies his request for free transcripts by stating that "they are needed to litigate MOVANT'S Supreme Court claim on February 27, 2012[.]" The court, however, is unaware of such pending proceeding. To the extent that Brown is requesting these documents to prepare for a potential claim in the United States Supreme Court, the court denies such request as Brown has failed to provide any description of the issues he intends to raise so as to permit the court to determine whether such transcripts are required. Accordingly, Brown's request for free copies of his "guilty plea and sentencing transcript" hereby is DENIED.

### III. Conclusion

Based on the aforementioned rationale, Brown's *pro se* Motion for Production of Transcripts [DE-115] is **DENIED**.

SO ORDERED.

This the _10_ day of February, 2012.

JAMES C. FOX
Senior United States District Judge